## JEFF CURLEE v. STATE.

No. A-1265. Opinion Filed October 26, 1912.

(127 Pac. 266.)

APPEAL.—Sufficiency of Evidence. When a case is fairly tried and properly submitted to the jury by adequate instructions of the court, and the testimony is such that the jury is warranted, under any reasonable conception of the facts, in finding a verdict of guilty, this court will not disturb such verdict on appeal.

(Syllabus by the Court.)

*Appeal from District Court, Roger Mills County; G. A. Brown, Judge.*

Jeff Curlee was convicted of larceny, and appeals. Affirmed.

*E. L. Mitchell,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Jeff Curlee, was tried and convicted at the March, 1911, term of the district court of Roger Mills county, on a charge of grand larceny, and his punishment fixed at imprisonment in the state penitentiary for a period of four years.

The proof upon the part of the state shows that about 310 pounds of lard were stolen from one Walter Huff, in Cheyenne, about the 6th of March, 1910; that the value of said lard was more than $20; that the accused was in Cheyenne the day the lard was stolen; that he left Cheyenne and went to Elk City, and some time in May returned to Cheyenne, driving a black team hitched to an old hack, in which there was a wagon sheet, some hay, and other feed; that he left Cheyenne in the nighttime, returning to Elk City; and that shortly after his return to Elk City Huff's lard was found in a cave in that town. It appears from the testimony that one small can of the lard was upset in the hack, and that it spilled out on the bottom of the bed and leaked through onto the running gear.

The testimony on behalf of the accused tends to establish his innocence. Some of the testimony on his behalf appears, from a reading of the record, to be rather unusual, and the jury in all probability concluded that it was not truthful.

The case having been fairly tried and properly submitted to the jury under the instructions of the court, and the jury having found that the evidence was sufficient to exclude every other hypothesis than that of guilt, we do not feel that this court would be justified in reversing the judgment.

There are many other incriminating facts in the record, not referred to above.

The judgment of the trial court is affirmed.

FURMAN, P. J., and DOYLE, J., concur.